IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OSCAR R. REYNOSO,<br>Plaintiff,<br>vs.<br><br>ERIC H. HOLDER, JR.,<br>United States Attorney General,<br>Defendant. | CIVIL NO. 10-2583 |

FILED
AUG 18 2010
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MEMORANDUM OPINION AND ORDER

RUFE, J.                                                                                                        August 18, 2010

Plaintiff Oscar Reynoso initiated the above-captioned action on May 28, 2010, challenging the denial of his application for cancellation of removal by the Immigration Judge ("IJ") and the Board of Immigration Appeals ("BIA"). In particular, Plaintiff asks the Court to assert jurisdiction, "[i]ssue declaratory judgment that the actions of Defendant . . . have violated and continue to violate the Immigration and Nationality Act", and "[i]ssue an order granting equitable relief . . . to include but not limited to granting cancellation of removal, issuance of employment authorization documents and issuance of immigrant visas . . . ."[1] Presently before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).[2] This Motion is now ripe for disposition.

---

[1] See Compl. at 10 (Doc. No. 1).

[2] Def.'s Mot. to Dismiss (Doc. No. 4).

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a 38-year-old male native of Guatemala, entered the United States without inspection on November 25, 1992;[3] he now resides in Georgetown, Delaware.[4] On December 21, 2006, United States Immigration and Customs Enforcement ("ICE") instituted removal proceedings by serving Plaintiff with a Notice to Appear, charging Plaintiff as a removable alien pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).[5] During the removal proceedings, Plaintiff applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(D), which states, in relevant part:

> The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien . . . establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.[6]

Plaintiff has two United States citizen children, ages two and three years of age.[7] On December 1, 2008, the IJ denied Plaintiff's application for cancellation of removal, stating that Plaintiff had failed to show extreme and unusual hardship to his two children, and ordered Plaintiff removed to Guatemala.[8]

Plaintiff filed an appeal with the BIA, which affirmed the IJ's decision on May 22,

---

[3] Compl. at 2-3.

[4] Id.

[5] Compl. at 2, Def.'s Mem. of Law in Supp. of Def.'s Mot. to Dismiss at 2.

[6] 8 U.S.C. § 1229b(b)(1)(D) (2008).

[7] Compl. at 5.

[8] Compl. at 2-3, 6; Def.'s Mem. of Law in Supp. of Def.'s Mot. to Dismiss at 2.

2009.[9] On June 22, 2009, Plaintiff then appealed the BIA's ruling by filing a petition for review in the Third Circuit Court of Appeals.[10] According to Defendant, "the Third Circuit dismissed Mr. Reynoso's petition on August 20, 2009, for failure to prosecute, as Mr. Reynoso failed to file case opening documents."[11] Plaintiff initiated the instant suit on May 28, 2010, naming 28 U.S.C. §§ 1331 and 1651 as the bases for this Court's jurisdiction.[12] Defendant now alleges that this Court lacks subject matter jurisdiction, setting forth two arguments in its Motion to Dismiss; first, this Court is statutorily barred under the INA from reviewing an administrative denial of an application for cancellation of removal. Second, Defendant asserts that the Court lacks jurisdiction to review a discretionary decision denying such an application. Plaintiff has not filed a response to the instant Motion.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of any claim wherein the district court lacks subject matter jurisdiction.[13] When considering a 12(b)(1) motion, the court "review[s] only whether the allegations on the face of the complaint, taken as true, allege sufficient facts to invoke the jurisdiction of the district court."[14] When subject matter

---

[9] Compl. at 3, 6; Def.'s Mem. of Law in Supp. of Def.'s Mot. to Dismiss at 3.

[10] This information was provided to the Court in a letter from Defendant's counsel dated August 2, 2010. While the Court has no evidence that such an appeal was filed, and it is not clear whether Plaintiff ever received this letter, the averments in the August 2nd letter have no bearing upon the disposition of this case.

[11] See id.

[12] Compl. at 2.

[13] FED. R. CIV. P. 12(b)(1) (West 2009 Revised).

[14] Licata v. U.S. Postal Serv., 33 F.3d 259, 260 (3d Cir. 1994).

jurisdiction is challenged under 12(b)(1), the plaintiff must bear the burden of persuasion.[15]

## III. DISCUSSION

Defendant first argues that 8 U.S.C. § 1252(b)(9) precludes this Court's review of Plaintiff's case. Section 1252(b)(9) provides, in relevant part:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title [8 USCS §§ 1151 et seq.] shall be available only in judicial review of a final order under this section. . . . [N]o court shall have jurisdiction, by habeas corpus . . . or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.[16]

8 U.S.C. § 1252(a)(5) dictates that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act."[17] Put simply, the provisions require that an alien seeking relief from removal from the United States may only appeal the final order to the court of appeals, not the district court.[18]

In the instant matter, Plaintiff asks the Court to consider the IJ and BIA's determinations regarding his application for cancellation of removal; cancellation of removal is a

---

[15] Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

[16] 8 U.S.C. § 1252(b)(9) (2005).

[17] Id. § 1252(a)(5).

[18] See, e.g., Pareja v. Atty Gen. of the United States, 2010 U.S. App. LEXIS 15656 (3d Cir. July 29, 2010); Quispe v. AG of the United States, 216 Fed. Appx. 266, 268 (3d Cir. 2007); Barbour v. Holder, 2010 U.S. Dist. LEXIS 64029 (D.N.J. June 28, 2010); Mohammad v. Gonzalez, 2010 U.S. Dist. LEXIS 4205 (E.D. Pa. Jan. 20, 2010).

4

form of relief from removal.[19] According to Defendant, Plaintiff's appeal to the Third Circuit Court of Appeals on June 22, 2009 was dismissed on procedural grounds.[20] Nevertheless, the INA, through 8 U.S.C. §§ 1252(a)(5) and (b)(9), clearly dictates that the proper court for review of removal orders issued by the BIA is the court of appeals.

As the Court finds that it does not have subject matter jurisdiction to hear Plaintiff's case, there is no need to consider Defendant's second argument in favor of dismissal. An appropriate Order follows.

---

[19] See Pareja, 2010 U.S. App. LEXIS 15656 at *7.

[20] See infra, Part I.